UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAMES TRITTSCHLER,** individually,

    Plaintiff,

                                      CASE NO.

**v.**

                                      **JURY DEMAND**

**QUANTA INC.,** a Domestic Profit
Corporation,

    Defendant.

_____/

**MICHAEL N. HANNA (P81462)**
**MORGAN & MORGAN, P.A.**
Attorney for Plaintiff
600 N Pine Island Road
Suite 400
Plantation, FL  33324
(954) 318-0268
mhanna@forthepeople.com

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, JAMES TRITTSCHLER, brings this action and Complaint for damages and demand for jury trial against Defendant, QUANTA INC., a Domestic Profit Corporation ("Quanta"), for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), and for discrimination and retaliation in violation of Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") and states as follows:

**SUBJECT MATTER JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

1

2. This Court has supplemental jurisdiction of Plaintiff's Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL § 37.14101 *et seq.*, claim pursuant to 28 U.S.C. § 1367 as all claims derive out of Plaintiff's employment and involve the same parties.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan, Defendant conducts substantial and not isolated business within the Eastern District of Michigan, Defendant has agents and employees in the Eastern District of Michigan, and Defendant's business is located within Livingston County, Michigan.

## PARTIES

4. Plaintiff, James Trittschler, a natural person, is, and at all times relevant hereto was, a citizen of the State of Michigan, residing in Livingston County.

5. Defendant, Quanta Inc., is a Domestic Profit Corporation, with its primary office located in Brighton, Michigan.

6. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the PWDCRA.

8. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, RFID, thermal printers, print and apply, card systems, and scanners, which were used directly in furtherance of Defendant's commercial activity of running a bar code and data collection distribution service.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

13. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14. At all times material to this action, Plaintiff, James Trittschler, was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage of the FLSA, by virtue of his production of goods for commerce.

16. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

18. At all times material hereto, Defendant was an enterprise covered by the FLSA.

## FACTUAL ALLEGATIONS

19. Plaintiff worked for Defendants as a non-exempt employee for approximately 20 years.

20. According to their website, Defendant is a specialist "in the distribution, service, and technology of bar code and data collection products, including RFID, thermal printers, print

& apply, card systems and scanners. Quanta offers a wide selection of labeling and identification systems in cooperation with the most respected manufacturers and dealers of today's high-tech industries."

21. Defendants compensated Plaintiff on a salary basis.

22. Plaintiff's job title was service manager.

23. Plaintiff did not customarily and regularly direct the work of at least two (2) or more full-time employees.

24. Plaintiff did not have the authority to hire, fire, or make recommendations to hire and fire employees.

25. Plaintiff's primary job duty was providing Defendant with manual labor.

26. Plaintiff's primary job duties included performing work that involved repetitive operations with his hands, physical skill, and energy.

27. Plaintiff worked for Defendant in excess of forty (40) hours per week in various workweeks throughout the duration of his employment.

28. However, he was not compensated an overtime premium for any hours that he worked over forty (40) due to the fact that Defendants misclassified him as an exempt salaried employee by Defendant.

29. Plaintiff is owed an overtime premium of time and one half for all of his hours worked over forty (40) in all work weeks within the FLSA's statute of limitations.

30. Defendants violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours during certain workweeks.

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half

4

    times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA.

31. In 2015, Mr. Trittschler's wife was diagnosed with Stage Four (4) cancer.

32. As a result of his wife's diagnosis, Mr. Trittschler was diagnosed with depression and anxiety.

33. Depression qualifies as a disability under PWDCRA.

34. Anxiety qualifies as a disability under PWDCRA.

35. Defendant discriminated against Mr. Trittschler due to his disability.

36. Defendant discriminated against Mr. Trittschler due to his association with a person with a disability, namely his wife suffering from cancer.

37. Mr. Trittschler advised his Defendant, including his supervisor, Jim Fowler, that he was suffering from depression and anxiety.

38. Approximately three to four months prior to his termination, Mr. Fowler advised Mr. Trittschler that he wanted Mr. Trittschler to get his disabilities "taken care of."

39. Mr. Fowler advised Plaintiff that he would reimburse Mr. Trittschler for any treatment that he obtained related to his disability.

40. Mr. Trittschler also advised Defendant's Human Resources Director, Kelly Donnel, that he was suffering from Depression and Anxiety.

41. Mr. Trittschler requested an accommodation in the form of taking a few hours off from work periodically in order to take his wife to her chemotherapy treatments.

42. Mr. Trittschler's supervisor approved his request for accommodation.

43. Mr. Trittschler often worked from his laptop computer in the hospital waiting room while his wife was in treatment.

44. However, Defendant discriminated against, harassed, and made Plaintiff endure a hostile work environment because of his disability and/or request for accommodation.

45. Mr. Trittschler had a preapproved vacation after his wife's last chemotherapy appointment from December 11, 2017 through December 22, 2017.

46. This vacation was utilized to help cope with the Depression and Anxiety that he had been dealing with, and to care for his wife while she recovered from chemotherapy.

47. On or about November 7, 2017, Mr. Trittschler reminded Defendant of his preapproved vacation/days off that he took in order to cope with his disability, and care for his wife.

48. A few days later, on or about November 10, 2017, Defendant terminated Mr. Trittschler's employment due to his disability.

49. Specifically, Defendant provided Mr. Trittschler with a separation letter that stated:

> This will confirm the substance of our meeting today regarding your employment here. It is clear that you have been increasingly **unhappy** and dissatisfied working here for a long period of time. You have spent **too much time away from work** and your **unhappiness** while here has been obvious. We therefore concluded that it was in the best interests of Quanta, and probably in your best interest as well, to terminate your employment.

(Emphasis added).

50. Defendant terminated Mr. Trittschler, who suffers from depression and anxiety, because he was "unhappy."

51. Defendants' wrongful termination is a result of Plaintiff's disability, in violation of PWDCRA.

6

52. Defendant failed to provide Mr. Trittschler with any disciplinary write ups prior to his unlawful termination.

53. Plaintiff retained the law firm of Morgan & Morgan, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

54. Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

55. Plaintiff worked in excess of the forty (40) hours per week.

56. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

57. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

58. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

59. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

60. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

61. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

62. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

63. Plaintiff demands a trial by jury for his FLSA claim.

## COUNT II
## DISCRIMINATION IN VIOLATION OF PWDCRA

64. Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

65. Plaintiff is a qualified individual under PWDCRA in that he suffers from Depression and Anxiety, Defendant perceives him to have a disability, he has the requisite education to perform and can perform the essential functions for his position, and either held or desired to hold a position with Defendant.

66. At all relevant times, Plaintiff was a "Person with a disability" as that term is defined by PWDCRA §37.1103 (h).

67. Defendant is an "employer" within the meaning of the PWDCRA.

68. Plaintiff was a qualified employee of Defendant.

69. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the PWDCRA, Plaintiff opposed acts and practices made unlawful by PWDCRA including, but not limited to, subjecting Plaintiff to disparate treatment, harassment, hostile work environment and/or discrimination on the basis of his disability, and subjecting Plaintiff to disparate treatment, harassment, hostile work environment and/or discrimination on the basis of his association with a person with a disability as set forth herein.

70. Defendant subjected Plaintiff to disparate treatment, harassment and/or termination, as set forth herein, in whole or in part because of his disability and/or his association

with a person with a disability, said acts being made unlawful by PWDCRA, M.C.L. § 37.1101, *et seq*.

71. Under Michigan's PWDCRA, the Defendant was legally obligated to refrain from discrimination against Plaintiff because of his disability and/or because of his association with a person with a disability.

72. Notwithstanding this obligation under the PWDCRA and in willful violation thereof, Defendant discriminated against Plaintiff because of his disability, his record of disability, because it perceived Plaintiff as disabled, and/or because of Plaintiff's association with a person with a disability.

73. Defendant violated the aforementioned PWDCRA by, *inter alia*, the following acts:

   a. Discharging or otherwise limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of his disability and/or his association with a person with a disability;

   b. Denying employment opportunities to Plaintiff because of his disability and/or his association with a person with a disability;

   c. Subjecting Plaintiff to disparate treatment and harassment on the basis of his disability and/or his association with a person with a disability; and/or

   d. Creating and subjecting Plaintiff to a hostile environment on the basis of Plaintiff's disability and/or his association with a person with a disability.

74. Defendant engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

75. As a direct and proximate result of Defendant violation of the PWDCRA Plaintiff

has suffered aggravation of his disabilities and symptoms.

76. As a result of the disability discrimination, Plaintiff has experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages, including emotional distress, anguish, and pain and suffering.

## COUNT III
### RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS UNDER THE UNDER PWDCRA

77. Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

78. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the PWDCRA.

79. Plaintiff also opposed acts and practices made unlawful by the PWDCRA including, but not limited to, subjecting Plaintiff to disparate treatment, harassment, and/or discrimination on the basis of his disability and/or on the basis of his association with a person with a disability.

80. Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity, as set forth herein.

81. During the time Plaintiff was employed by Defendant, he exercised and/or enjoyed rights granted and/or protected by the PWDCRA, including, but not limited to, requesting and making use of reasonable accommodations for his disability, as set forth herein.

82. Defendant coerced, intimated, and/or threatened Plaintiff on account of his having exercised and/or enjoyed rights granted and/or protected by the PWDCRA.

83. Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights

granted and/or protected by the PWDCRA.

84.   Defendant terminated Plaintiff's employment after he exercised a right afforded under PWDCRA.

85.   Under the PWDCRA, Defendant was legally obligated to refrain from retaliating against Plaintiff when he exercised his rights under the PWDCRA.

86.   As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the PWDCRA, Plaintiff has suffered aggravation of his disability and its symptoms, including emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

87.   As a further direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees, and all such other relief as the court deems just and proper which include:

a.   Award Plaintiff all lost wages, past and future and other monetary damages to which he is entitled to including interest;

b.   Award Plaintiff compensatory damages;

c.   Award Plaintiff punitive and exemplary damages;

  d. Award Plaintiff reasonable attorney's fees, costs, and interest;

  e. Award Plaintiff equitable relief including, but not limited to: an injunction directing Defendant to cease their discriminatory conduct and practices; full reinstatement to his employment and position with Defendant; and injunctive relief directing Defendant to provide Plaintiff his requested reasonable accommodations within a reasonable time;

  f. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per week;

  g. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  h. Awarding Plaintiff pre-judgment and/or post-judgment interest;

  I. Award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated this 5th day of January, 2018.

        By: /s/ *Michael N. Hanna*
        Michael N. Hanna, Esq.
        Michigan Bar. No P81462
        Morgan & Morgan, P.A.
        600 N. Pine Island Road
        Suite 400
        Plantation, FL 33324
        Telephone: (954) 318-0268
        Facsimile: (954) 327-3016
        Email: MHanna@forthepeople.com

        ***Attorney for Plaintiff***